IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

DEBRA A. DETTINGER,

                          Plaintiff,

v.                                            Action No. 3:09–CV–401

MICHAEL J. ASTRUE, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,

                          Defendant.

MEMORANDUM OPINION

THIS MATTER is before the Court on Debra Dettinger's objections to Judge Dohnal's Report and Recommendation ("R&R") affirming the Social Security Administration's denial of an application for Social Security Disability and Supplemental Security Income payments (Doc. No. 18). The Commissioner of the Social Security Administration's (Michael Astrue) decision to deny benefits was based on a finding by an Administrative Law Judge ("ALJ") who determined that Dettinger was not disabled as defined by the Social Security Act ("the Act") and applicable regulations. For the reasons stated below, the Court will OVERRULE Dettinger's objections and ADOPT Judge Dohnal's Report and Recommendation (Doc. No. 17) DENYING Dettinger's Motion for Summary Judgment (Doc. No. 16), GRANTING the Commissioner of Social Security's Motion for Summary Judgment (Doc. No. 14), and AFFIRMING the Commissioner's decision denying benefits to Dettinger.

I. BACKGROUND

There is a five-step analysis conducted for the Commissioner by an ALJ to determine if a claimant is eligible for benefits. 20 C.F.R. §§ 416.920, 404.1520. The ALJ considers whether an

applicant (1) is performing "substantial gainful activity" ("SGA"); (2) is severely impaired; (3) has an impairment that is at least as severe as one of the impairments listed in 20 C.F.R. Part 404, Subpart P, App'x 1; (4) could continue performing work that he did in the past; and (5) could perform any other job in the national economy. 20 C.F.R. §§ 416.905, 416.920; see Rogers v. Barnhart, 216 F. App'x 345, 347–48 (4th Cir. 2007). If, at any step of that analysis, the ALJ is able to determine that the applicant is disabled, the inquiry must stop. 20 C.F.R. § 404.1520(a)(4). The applicant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner if the analysis reaches step five. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

In this case, before beginning the five-step analysis, the ALJ initially determined that Plaintiff met the insured status requirements of the Act through December 31, 2004. (R. at 21.) At step one, The ALJ found that Plaintiff had not engaged in SGA since the alleged onset of her disability. At steps two and three, the ALJ found that Plaintiff had severe impairments of obesity, spinal stenosis with laminectony at L4-5, and carpal tunnel syndrome, but these impairments did not meet or equal any listing in 20 C.F.R. Part 404, Subpart P, Appendix 1, as required for awarding benefits at that stage.

The ALJ next determined that Plaintiff had the residual functional capacity ("RFC") to perform a range of sedentary activities. At step four, the ALJ determined that Plaintiff could not perform her past relevant work as a rental property manager or as a sandwich maker/cashier because of the levels of exertion required for each position. At step five of the analysis, after considering Plaintiff's age, education, work experience, and RFC, and after consulting a vocational expert ("VE"), the ALJ found that there were other occupations which exist in significant numbers in the national economy that Plaintiff could perform. Thus, the ALJ concluded that Plaintiff was

not disabled under the Act, and was employable such that she was not entitled to benefits. (R. at 28.)

The Appeals Council denied Dettinger's subsequent request for review, making the ALJ's decision final and subject to judicial review by this Court. In support of her position, Plaintiff argued (1) that the ALJ erred in failing to categorize her arthritis, thyroid, sleep apnea, and Post Traumatic Stress Disorder ("PTSD") as severe impairments; and (2) that the ALJ did not adequately consider the entire record or the extent of Plaintiff's pain and limitations before rendering its decision. Plaintiff also presented evidence to the Court, which she asserted was not before the ALJ or the Appeals Council, alleging that she was not fairly represented by counsel and that she now suffers from bad credit as a result of unpaid medical tests.

In his Report and Recommendation ("R&R"), the Magistrate Judge recommended that the ALJ's decision be affirmed, finding that some of the issues that Plaintiff raised were not properly before the Court, and that the Commissioner's final decision on the remaining issues was supported by substantial evidence and application of the correct legal standard. He noted that because Plaintiff only filed an application for disability insurance benefits ("DIB"), she must prove that her disability began on or before the date her insurance eligibility expired, December 31, 2004 in order to be entitled to a period of disability and disability benefits." (R&R at 8.) Plaintiff, who is proceeding pro se, now objects to the Magistrate Judge's R&R, and submits evidence stating that her attorney at the administrative level advised her not to take the case further, but instead, to start again and file another claim.

## II. STANDARD OF REVIEW

The Court may review a denial of benefits by the Commissioner, 42 U.S.C. § 405(g), but it must accept the Commissioner's findings of fact if they are supported by substantial evidence and

3

were reached by applying the correct legal standard. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006) (stating that a court must apply that standard to findings of fact by an ALJ). The "substantial evidence" standard is more demanding than the "scintilla" standard, but less demanding than the "preponderance" standard. Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001). Thus, a finding is supported by "substantial evidence" if it is based on "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). And, if "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the Commissioner's decision. Id. In determining whether a decision satisfies that standard, the Court may not weigh conflicting evidence, evaluate the credibility of evidence, or substitute its judgment for the Commissioner's findings. Mastro, 270 F.3d at 176.

### III. ANALYSIS

#### A. As Found by the Magistrate Judge, the ALJ's Decision is Properly Supported by Substantial Evidence and Application of the Correct Legal Standards

As she did before the Magistrate Judge, Plaintiff submits evidence that is unrelated to her medical condition and functioning on or before December 31, 2004, the date her insurance eligibility expired for DIB. She also continues to discuss her current medical condition and symptoms. As noted by Judge Dohnal, because Plaintiff only filed an application for DIB, she must prove that her disability began on or before the date her insurance eligibility expired to be entitled to a period of disability and disability benefits. Johnson v. Barnhart, 434 F.3d 650, 655-56 (4th Cir. 2005) (holding that to qualify for DIB, a claimant "must prove that she became disabled prior to the expiration of her insured status."); Henley v. Comm'r of Social Sec., 58 F.3d 210, 213 (6th Cir. 1995) (affirming denial of DIB where claimant failed to show disability prior to loss of insured status).

4

Notwithstanding Plaintiff's temporal deficiencies, with regard to her claims that her arthritis, thyroid, sleep apnea, and depression should have been categorized as severe, the ALJ relied on substantial evidence and records to find that they were not severe. For example, with regard to her sleep apnea, the ALJ noted that in January, 2005, she had a good response to use of a continuous positive airway pressure ("CPAP") machine, which is used to treat sleep apnea. (R. at 23, 303, 667-68.) Records also reflected that in early 2005, there were no signs of malignancy of her thyroid, no collection of colloid material, and no signs of an enlarged nodule. Additionally, by February ad November of 2007, her thyroid had not enlarged. (R. at 313-17, 723-24.) The ALJ found no evidence on the record to support a finding of any degree of arthritis, let alone severe, and records in July of 2004 indicated Plaintiff was not on knee arthritis medication. (R. at 599.) In finding that Plaintiff's PTSD was not severe and disabling, the ALJ relied on evidence that Plaintiff received only conservative treatment for PTSD, and that the treatment did not establish limitations in her daily activities. (R. at 23.) It also looked to Plaintiff's statements from 2002 and 2004 that she was feeling well (R. at 456, 488), and that in August of 2005, an examining physician opined that she did not have any severe mental limitations. (R. at 394.)

Additionally, the ALJ relied on substantial evidence and application of the correct legal standards in analyzing Plaintiff's record to determine that she had the RFC to perform a limited range of sedentary work, and subsequently that there were jobs in significant numbers in the national economy that she could perform. This includes the evidence listed above supporting the non-severe nature of Plaintiff's reported impairments, Plaintiff's statements and allegations of disabling pain and fatigue, the objective findings on medical examinations, opinions of examining physicians, and conservative treatment she received after her surgeries. (R. at 26.)

5

Having reviewed the R&R and the ALJ's decision, the Court finds that the ALJ relied on substantial evidence and applied correct legal standards to in reaching its decision that the medical evidence submitted does not support a finding that Plaintiff's disability existed before December 31, 2004.

Plaintiff also states in her Objections that her attorney at the administrative level advised her to end her case, and file another claim. As noted by Defendant in response, it is possible that Plaintiff's attorney was advising her to file for supplemental security income (SSI), whereby the Agency would look at Plaintiff's current condition as opposed to the DIB claim. As suggested by Defendant, if, in fact, Plaintiff's condition has worsened and has become disabling subsequent to the expiration of her insured status, it may be in Plaintiff's interest to file a claim for SSI. Plaintiff's remaining objections that she now suffers from bad credit as a result of unpaid medical tests are not properly before the Court to resolve. For all of these reasons, Plaintiff's Objections will be OVERRULED.

### III. CONCLUSION

For the reasons stated above, Plaintiff's objections are OVERRULED and the Court will ADOPT Judge Dohnal's Report and Recommendation (Doc. No. 17), DENY Dettinger's Motion for Summary Judgment (Doc. No. 16), GRANT the Commissioner of Social Security's Motion for Summary Judgment (Doc. No. 14), and AFFIRM the Commissioner's decision denying benefits to Dettinger.

Let the Clerk of the Court send a copy of this Memorandum Opinion to the Plaintiff and to counsel for the Defendant. An appropriate order shall issue.

```
_____/s/_____
James R. Spencer
Chief United States District Judge
```

Entered this  30th   day of June 2010